UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS KIM ELLER,

        Petitioner,

v.

        Case No. 2:25-cv-10137
        Honorable Susan K. DeClercq

NOAH NAGY,

        Respondent.
_____/

**OPINION AND ORDER DENYING MOTION TO EXPAND THE RECORD
(ECF No. 10)**

    This habeas case, brought by pro se Petitioner Douglas Kim Eller pursuant to 28 U.S.C. § 2254, is before the Court on his Motion to Expand the Record. *See* ECF No. 10. For the reasons discussed, the Court **DENIES** the motion.

    In 2020, an Isabella County jury convicted Eller of operating while intoxicated, third offense (OWI-III), Mich. Comp. Laws § 257.625(1); operating a motor vehicle while license suspended, Mich. Comp. Laws § 257.904(3)(a); and having an open alcoholic container in a motor vehicle, Mich. Comp. Laws § 257.624a(1). The trial court sentenced him as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to 6 to 20 years imprisonment for OWI-III; 93 days' imprisonment for operating a motor vehicle while license suspended; and 90 days' imprisonment for having an open alcoholic container in a motor vehicle.

Eller now brings a habeas petition challenging his convictions and sentences on several bases, including: denial of motion for directed verdict, jury instruction error, denial of right to present a defense through evidentiary error, and multiple instances of ineffective assistance of trial and appellate counsel. *See* ECF No. 1.

In his Motion, Eller asserts that additional trial exhibits are required to resolve his claims, particularly relating to whether there was sufficient evidence for the jury to find that he was the driver of the vehicle. He requests that the Court order Respondent to produce (1) Exhibit 1 – the bodycam video of the traffic stop and (2) Exhibit 3 – the Datamaster Logbook. ECF No. 10, PageID.1165-1166.

While the Sixth Circuit expects district courts to review the state court trial transcript in habeas cases, this Court is not required to review trial exhibits. *See Hopson v. Horton*, 838 F. App'x 147, 157 (6th Cir. 2020) (citing *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003)); *see also* Rule Five of the Rules Governing § 2254 Cases (stating requirements for filing of trial transcripts).

In a case such as this, where Eller has not argued that a review of the trial exhibits will demonstrate an error in the trial transcript or the factual findings of the state appellate court, the Court finds Eller has not sufficiently supported his request to expand the record to include those trial exhibits. *See Hopson*, 838 F. App'x at 158 (noting district court need not examine trial records where "(1) the state court opinions summarize trial testimony or relevant facts, and (2) the petitioner does not

2

dispute those summaries" (quoting *Kraus v. Taylor*, 715 F.3d 589, 596 (6th Cir. 2013)). The Court is not persuaded that these trial exhibits are needed to fairly adjudicate Eller's claims.

Accordingly, the Motion to Expand the Record, ECF No. 10, is **DENIED**.

**IT IS SO ORDERED**.

/s/ *Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  January 30, 2026

3